UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELMO GREEN and SARAH GREEN** | CIVIL ACTION NO. 2:16-CV-00698 |
| VS. | SECTION: |
| **LOWE'S HOME CENTERS, L.L.C. and SOUTHEAST ROOFING and CONSTRUCTION, INC.** | DISTRICT JUDGE: DONALD WALTER |
| | MAG. JUDGE: KATHLEEN KAY |

**PLAINTIFF'S OPPOSITION TO LOWE'S HOME CENTERS, LLC'S MOTION FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT, Plaintiffs, Elmo and Sarah Green, submit the following Memorandum in Opposition to the Motion for Summary Judgment filed by Defendant, Lowe's Home Centers, LLC (hereinafter Lowes):

**FACTS AND HISTORY:**

In March of 2015, Plaintiffs signed a contract with Lowe's to replace the roof of their home located at 955 Dolby Street, Lake Charles, Louisiana. Lowe's in turn subcontracted the job of replacing the roof to Southeast Roofing and Construction, Inc., (hereinafter) Southeast. Plaintiffs filed their Petition for Damages on April 15, 2016.[1] This Court previously found that the roof installation was completed on or before April 8, 2015.[2][3]

Within several days of the work being completed to the roof, Plaintiffs observed leaking and water intrusion to their home. Plaintiffs reported the leak to Lowe's, who determined that the

---

[1] Exhibit 1, Plaintiffs' Petition for Damages.
[2] Exhibit 2, Report and Recommendation by Magistrate Judge Kay, pg. 8.
[3] Exhibit 3, Judgment Adopting Magistrate Judge Kay's Recommendation.

1

roof was not correctly installed by Southeast. Thus, due to Lowes overseeing the negligent planning, construction and installation of the roof, and thus, breach of contract, Plaintiffs' home experienced leakage from rain water and thereby sustained extensive property damage.

**DISPUTED ISSUES OF MATERIAL FACT:**

1. The statement of uncontested material facts submitted by Lowes in no way establishes that it is entitled to summary judgment as a matter of law. There are no facts that confirm that Lowes is not subject to the ten (10) year prescriptive period.

2. It cannot be disputed that Plaintiffs and Lowes have a valid and enforceable contract, which is subject to the ten (10) year prescriptive period.

3. It cannot be disputed that Lowes breached that contract via overseeing the negligent planning, construction, and installation of Plaintiffs' roof.

**LAW AND ARGUMENT:**

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portion of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v.*

*Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000).

Under Louisiana law, "[t]he character of an action in the pleadings determines the applicable prescribe period" and "[t]he nature of the duty breached determines whether the action is in tort or in contract." *Caballero v. Keystone Customs, LLC*, 188 So. 3d 385, 389 (La. Ct. App. 5th Cir. 2016). In actions based on damage to immovable property, claims arising from a contractor's breach of duties are subject to a ten-year period of liberative prescription. *Id.* at 389-90; See La. Civ. Code art. 3500. The ten-year prescriptive period under Article 3500 does not apply merely because the defendant is a licensed contractor or because he is performing construction work; instead, it requires a contractual relationship between plaintiff and defendant. *Caballero*, 188 So. 3d at 390.

In dismissing Plaintiffs claims against Southeast, this Court cited *State v. Robert McKee, Inc.*, 584 So.2d 1205 (La. Ct. App. 2d Cir. 1991) for the precedent that the "state's action against subcontractor who installed allegedly defective HVAC system on a building sounded in tort, rather than in warranty or in contract, because state did not have a contractual relationship with subcontractor."[4] Here, it cannot be disputed that Plaintiffs and Lowes have a contractual relationship.[5]

---

[4] Exhibit 2, Report and Recommendation by Magistrate Judge Kay, pg. 4
[5] Exhibit 4, Contract between Mrs. Green and Lowes.

"A contract is an agreement by two or more parties whereby obligations are created, modified or extinguished." La. C.C. art. 1906. "Both parties must be bound" in order for a contract to exist. *McPherson v. Cingular Wireless, LLC*, 967 So. 2d 573, 577 (La. Ct. App. 3d Cir. 2007). In deciding Southeast's motion for summary judgment, this Court held that neither "plaintiff was mutually bound to Southeast with respect to the roof installation, because there is no indication that plaintiffs assumed any obligation with respect to Southeast. Likewise, there is no indication that the parties had any other 'meeting of the minds' with respect to the roofing installation independent of their respective agreements with Lowe's."[6]

Here, as opposed to with Southeast, there is no doubt that there was a valid contract, created by a signed document, which confessed a "meeting of the minds," and in which both parties were bound.[7] Plaintiffs were bound in that they agreed to pay Lowe's $8,014.20 to replace their roof,[8] and Lowe's was bound to have the roof replaced in a workman like fashion without leaks.[9] As noted by Magistrate Judge Kay in her report and recommendation, this case arises from the replacement of the roof on plaintiffs' home. Plaintiffs contracted with defendant Lowes for installation of the roof... ."[10] In addition, Lowes itself agreed that Plaintiffs "contracted with the Lake Charles, Louisiana, Lowe's Home Centers, LLC," to replace the roof of their home.[11] Thus, there is a valid contract and Lowes is subjected to the ten (10) year prescriptive period.

---

[6] Exhibit 2, Report and Recommendation by Magistrate Judge Kay, pg. 6.
[7] Exhibit 4, Contract between Mrs. Green and Lowes.
[8] Id.
[9] Id.
[10] Exhibit 2, Report and Recommendation by Magistrate Judge Kay, pg. 1.
[11] Exhibit 5, pg. 3.

Moreover, Louisiana is a fact pleading state. The purpose of fact pleading is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory developed in detail before the complaint is filed and parties have the opportunity for discovery. *Evans v. McDonald's Corp.*, C.A. 10 (Okla.) 1991, 936 F. 2d 1087. Plaintiffs clearly did that here. It is not required that Plaintiffs' Petition identify the statute or code article it is relying upon to assert their claim. Instead, it is merely necessary that Plaintiffs put Defendant on fair notice of the claims against it.

Plaintiffs' Petition clearly put Lowes on notice that this is a breach of contract issue. Plaintiffs assert in their Petition that Plaintiffs "**signed a contract** on or about March 16, 2015, with Lowe's" to replace their roof, and that due to the "negligent planning, construction, and installation of the roof" Plaintiffs suffered extensive property damage to their home.[12] Plaintiffs further assert that Lowes "was the company **who contracted for and oversaw the replacement of the roof that leaked** and caused extensive property damage to Petitioners' home...."[13] (emphasis added) Thus, it is obvious that Plaintiffs are asserting breach of contract based on Lowes negligent overseeing and/or planning, construction, and instillation of Plaintiffs' roof.

It is clear that Plaintiffs have put Lowes on notice that this is a breach of contract claim. Now, Lowes is trying to dismiss this lawsuit and preclude Plaintiffs their fundamental and constitutional right of access to the courts.

---

[12] Exhibit 1, Plaintiffs' Petition for damages.
[13] Id.

CONCLUSION

Plaintiffs should not be denied their right to have their day in court. They should be allowed to present their facts and have Your Honor decide the case on the merits. Plaintiffs should not be prejudiced and have their case dismissed when it was clear between counsel that this is a breach of contract issue. It is clear that Lowe's was sufficiently given fair notice that this is a breach of contract issue. Consequently, Plaintiffs respectfully request that the Court deny Lowe's Motion for Summary Judgment.

Respectfully submitted,

BAGGETT, McCALL, BURGESS
WATSON & GAUGHAN, LLC

/s/ *JAKE D. BUFORD*
JAKE D. BUFORD (Bar Roll # 34258)
ROGER G. BURGESS (Bar Roll # 3665)
3006 Country Club Road (70605)
P.O. Drawer 7820
Lake Charles, LA 70606-7820
(337) 478-8888 : Telephone
(337) 478-8946 : Facsimile
COUNSEL FOR PLAINTIFFS.
Signed this 2nd day of April, 2018.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of February, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

/s/ *JAKE D. BUFORD*
**JAKE D. BUFORD, Bar Roll #34258**
BAGGETT, McCALL, BURGESS, ET AL
3006 Country Club Road (70605)
P.O. Drawer 7820
Lake Charles, LA 70606-7820
(337) 478-8888 : Telephone
(337) 478-8946 : Facsimile
jbuford@baggettmccall.com : E-mail