IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELMO GREEN AND SARAH GREEN,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **CASE NO. 2:16-CV-00698-RRS-KK** |
| **LOWE'S HOME CENTERS, LLC, and** | ) |
| **SOUTHEAST ROOFING AND** | ) |
| **CONSTRUCTION, INC.** | ) |
| | ) |
|     **Defendant.** | ) |

**REPLY MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

There is no dispute as to any material fact relevant to Defendant Lowe's Home Centers, LLC ("Lowe's") Motion for Summary Judgment. The only question before the court is a question of law: Are Plaintiffs' claims barred by the one-year prescriptive period established by La. Civ. Code art. 3493? This Court must answer that question in the affirmative because Plaintiff's claims, as plead, arise from an alleged breach of a general tort duty in the construction of an immovable—not a breach of a contractual duty. As such, this Court should grant summary judgment in favor of Lowe's.

## LAW AND ARGUMENT

A homeowner's claims against a contractor are subject to a one-year prescriptive period where, as here, the claims sound in tort. *Caballero v. Keystone Customs, LLC*, 15-722 (La. App. 5 Cir. 3/16/16), 188 So.3d 385, 389-90. In fact, this Court recognized that rule when it granted summary judgment in favor of Southeast Roofing and Construction, Inc.:

> In actions based on damage to immovable property, claims arising from a contractor's breach of duties are subject to a ten year period of liberative prescription. Id. at 389-90; see La. Civ. Code art. 3500. **Meanwhile, those arising from violation of a general duty in the construction of an immovable are considered delictual (tort) actions and are subject to a one year period of liberative prescription.**

[Doc. 51] (emphasis added). Plaintiff's claims against Lowe's sound in tort, not contract, and are thus barred by the one-year prescriptive period.

33067859 v1

### I. Plaintiffs' plead only general negligence, not breach of contract.

Plaintiffs' Petition for Damages [Doc. 1-1] (the "Petition") does not state a claim arising from a contractual duty. Instead, the Petition alleges only that Lowe's breached general tort duties and was therefore negligent.

Lowe's agrees with the Plaintiff's assertion that "Louisiana is a fact pleading state." [Doc. 63, p. 5]. Louisiana lawmakers abolished the "theory of the case" regime in favor of "fact pleading," and "'so long as the facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the fact-pleadings and evidence." *Bach v. Bd. of River Port Pilot Comm'rs*, 15-765 (La. App. 5 Cir. 5/12/16), 193 So.3d 355. However, to state a cause of action under the fact-pleading regime, a plaintiff must plead **all facts necessary** to support that cause of action:

> However, even though the "theory of the case" need no longer be pled, LSA-C.C.P. art. 891 provides that a petition "shall contain a short clear and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation."

*Id.* (citing *Greemon v. City of Bossier City*, 10-2828 (La. 7/01/11), 65 So.3d 1263, 1268).

The facts and reasoning in *Greemon* are instructive. 65 So.3d 1263. There, a paramedic opted to send a very drunk individual to jail rather than the hospital. *Id.* at *1265. The individual died in jail, and the city terminated the paremedic after an investigation and "closed-door" meeting. *Id.* The paramedic sued the city claiming, among other things, that the city had "recessed in a closed-door 'executive session' not otherwise open to the public in violation of [a civil service statute]." *Id.* at *1266. Over a year later, the paramedic filed a summary judgment motion, for the first time arguing that the city had violated Louisiana's Open Meetings Law. *Id.* The City argued that the paramedic had failed to plead the "Open Meetings Law" claim in his original petition, and it was therefore untimely. *Id.*

After discussing Louisiana's "fact pleading" standard, the court determined that the paramedic had failed to plead a claim under the Open Meetings Law, and such a claim was time-

barred.[1] The court's reasoning was two-fold: (1) while the petition stated that there was a "closed-door" meeting, it never described the meeting as "illegal" or stated what specific aspects of the meeting were illegal, and (2) the assertion that the meeting violated a civil service statute did not state a cause of action under an entirely different statute. *See also*, *Bach v. Bd. of River Port Pilot Comm'rs*, 15-765 (La. App. 5 Cir. 5/12/16), 193 So.3d 355 (holding, on similar reasoning, that plaintiff's petition failed to plead a claim of detrimental reliance).

The reasoning in *Greemon* can be applied to the facts of this case. First, while the Petition states that the Plaintiffs entered into a contract with Lowe's, it does not base its claims on the contract, much less state what specific contractual duties Lowe's allegedly breached. As Plaintiffs acknowledge in their opposition pleading, the only facts in the Petition relating to the contract were that the Plaintiffs "**signed a contract** on or about March 16, 2015, with Lowe's" and that Lowes "**was the company who contracted for** and oversaw the replacement of the roof that leaked and caused extensive property damage to Petitioner's home . . . ." (emphasis added). Plaintiffs failed to point to any contractual duty that Lowe's allegedly breached. Instead Plaintiffs listed seven (7) "negligent acts" and stated that such "negligence" proximately caused the Plaintiffs' damages. Under the reasoning of *Greemon*, Plaintiff's failure to specify what contractual duties Lowe's breached constituted a failure to plead a cause of action subject to the ten-year prescription period.

Second, plaintiff's list of seven (7) general tort duties is not sufficient to state a cause of action based on contract. In *Greemon*, the alleged breach of one statute did not state a cause of action for breach of a separate statute. Similarly, listing alleged breaches of tort duties does not imply a breach of contract.

## II. Plaintiff's eleventh-hour assertion that its claims are based on contract is prejudicial to Lowe's.

As stated by the Plaintiffs, "the purpose of a fact-pleading system is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory developed

---

[1] The Open Meetings Law contains a 60-day limitation period.

in detail before the complaint is filed and parties have the opportunity for discovery." [Doc. 63] (citing *Evans v. McDonald's Corp.,* C.A. 10 (Okla.) 1991, 936 F.2d 1087). But the case Plaintiffs cited for that proposition goes on to explain:

> We do not believe, however, that the liberalized pleading rules permit plaintiffs to **wait until the last minute to ascertain and refine the theories on which they intend to build their case.** This practice, if permitted, would **waste the parties' resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise defendants**, requiring the court to grant further time for discovery or continuances.

*Evans*, 936 F.2d at *1091 (emphasis added). In fact, the court in *Evans* ultimately held that the plaintiff's complaint, which stated a claim for **retaliatory discharge**, was not sufficient to state a claim for **retaliatory failure to hire**, and allowing that completely new theory at the eleventh-hour would prejudice the defendant.

As in *Evans*, allowing the Plaintiffs here to recharacterize their cause of action after months of discovery would be highly prejudicial to Lowe's. If Plaintiffs had put Lowe's on notice of specific contractual duties it had allegedly breached, Lowe's would have approached discovery with a much different strategy. Instead, Plaintiffs allowed Lowe's to proceed with discovery under the assumption that Plaintiff's claims were in negligence only. Plaintiff cannot be allowed to benefit from their failure to plead a contract-based claim.

## CONCLUSION

Plaintiff failed to plead a cause of action arising from contract. Instead, all of Plaintiffs' claims against Lowe's arose from violation of a general duty in the construction of an immovable. Accordingly, Plaintiff's claims are barred by the one-year prescriptive period in La. Civ. Code art. 3493. Holding otherwise this late in litigation would be highly prejudicial to Lowe's who would have conducted discovery differently.

33067859 v1

4

This the 8th day of March, 2019.

Respectfully submitted,

*/s/ Christopher D. Meyer*
Christopher D. Meyer (LA Bar #35917)
cmeyer@burr.com
**BURR & FORMAN LLP**
The Heritage Building
401 East Capitol Street, Suite 100
Jackson, MS 39201
Telephone: 601-355-3434
Facsimile: 601-355-5150

Attorney for Defendant
LOWE'S HOME CENTERS, LLC

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 8th day of March, 2019, electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record via the ECF system:

Jake D. Buford
Roger Glenn Burgess
Baggett, McCall, Burgess, Watson & Gaughan, LLC
3006 Country Club Road
Lake Charles, LA 70605
jbuford@baggettmccall.com
lbrown@baggettmaccall.com

D. Scott Rainwater
Chris W. Caswell
8550 United Plaza Blvd., Suite 101
Baton Rouge, LA 70809
srainwater@twpdlaw.com
ccaswell@twpdlaw.com

Paul J. Politz
Taylor Wellons
1515 Poydras Street, Suite 1900
New Orleans, LA  70112
ppolitz@twpdlaw.com


　　　　　　　　　　　　　　　　　  */s/ Christopher D. Meyer*　　　　　　
　　　　　　　　　　　　　　　　　　　　OF COUNSEL