UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ELMO & SARAH GREEN** | : | **CIVIL ACTION NO. 2:16-cv-0698** |
| **VERSUS** | : | **JUDGE SUMMERHAYS** |
| **LOWES HOME CENTERS, LLC** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 58] filed by defendant Lowes Home Centers, LLC ("Lowe's"), asserting that all claims against it should be dismissed as prescribed. Plaintiffs Elmo and Sarah Green oppose the motion and Lowe's has filed a reply memorandum. Docs. 63, 67. Accordingly, the matter is now ripe for review.

### I.
### BACKGROUND

This action arises from the allegedly defective replacement of plaintiffs' roof by former defendant Southeast Roofing & Construction, Inc. ("Southeast"). Plaintiff Sarah Green entered into a contract with Lowe's for the roof replacement on March 16, 2015. Doc. 63, att. 5. Lowe's subcontracted the job to Southeast, and this court has determined that Southeast completed the work on or before April 8, 2015. Doc. 38, att. 3 (affidavit and exhibits from Southeast president); doc. 51, pp. 7–8; *report and recommendation adopted*, doc. 52. Plaintiffs claim that they learned of the alleged defective condition of the new roof when it began to leak in a hard rain, which the court has determined occurred on or before April 10, 2015. Doc. 38, att. 4, p. 3; doc. 38 att. 5, p. 3; *see* doc. 51, p. 8.

Plaintiffs filed suit against Lowe's and Southeast in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on April 15, 2016. Doc. 1, att. 1, pp. 5–8. They allege that both parties

are liable for negligently installing the roof, resulting in flooding to the Greens' home that led to growth of toxic mold and extensive property damage. *Id.* Southeast removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. It then moved for summary judgment, alleging that plaintiffs' claims against it had prescribed under Louisiana's prescriptive period for tort claims. Doc. 38, att. 1. Plaintiffs opposed the motion, alleging that there were genuine issues of material fact as to (1) when they became aware of the damage, starting the clock on any delictual action, and (2) whether they had a contract with Southeast, which could place their claims under the ten-year prescriptive period for breach of contract. Doc. 45. The court found no merit to either argument and dismissed all claims against Southeast. Docs. 51, 52.

Lowe's now moves for summary judgment, asserting that (1) although a contract between the parties exists, plaintiffs' claims must be construed as arising strictly in tort and (2) plaintiffs' claims against it have likewise prescribed under the one-year prescriptive period. Doc. 58, att. 1. Plaintiffs oppose the motion, arguing that their claims must be construed as arising from the contract and are therefore subject to a ten-year prescriptive period.

## II.
### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 58 S.Ct. 817 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *See Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). State statutes of limitations, as well as "integral part[s]" of the statutes of limitations like tolling and equitable estoppel, are treated as substantive for the purposes of the *Erie* doctrine. *Guaranty Trust v. York*, 65 S.Ct. 1464, 1470–71 (1945); *Hollander v. Brown*, 457 F.3d 688, 694 (7th Cir. 2006) (quoting *Walker v. Armco Steel Corp.*, 100 S.Ct. 1978 (1980)). Accordingly, Louisiana law applies to the court's determination of whether the plaintiffs' claims against Lowe's have prescribed.

Tort claims brought under Louisiana law are subject to a one-year period of liberative prescription. La. Civ. Code art. 3492. Breach of contract claims, on the other hand, are subject to

the general ten-year prescriptive period for personal actions. *Id.* at art. 3499; *see, e.g., Richard v. Wal-Mart Stores, Inc.*, 559 F.3d 341, 345 (5th Cir. 2009). "The [appropriate] prescriptive period is not determined by the label of the cause of action but by 'the nature of the transaction and the underlying basis of the claim.'" *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 479 (5th Cir. 2002) (quoting *Davis v. Parker*, 58 F.3d 183, 189 (5th Cir. 1995)). For tort claims, prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating that he is the victim of a tort. *Bailey v. Khoury*, 891 So.2d 1268, 1276 (La. 2005). For contract claims, prescription commences from the date that the alleged breach occurred. *Loewer v. Tex. Gas Transmission Co.*, 615 F.Supp. 1, 2 (W.D. La. 1984).

Plaintiffs do not dispute that their claims have prescribed, based on the court's prior findings on the date the damages were discovered, if construed as tort claims. Rather, they maintain that the claims must be construed as arising under the contract. Lowe's, meanwhile, does not dispute the existence of the contract. Instead it argues that plaintiffs' claims arise only as general negligence claims and that any attempt to recast the claims should be denied as prejudicial to Lowe's.

Plaintiffs have not sought leave to amend their original petition, which refers to the contract but does not expressly assert any breach thereof. Doc. 1, att. 1, pp. 5–8. Under Louisiana law, the essential elements of a breach of contract claim are defined as (1) the obligor's undertaking of an obligation to perform, (2) the obligor's failure to perform the obligation (the breach), and (3) resulting damages to the obligee. *Boudreaux v. Flagstar Bank FSB*, 623 Fed. App'x 235, 237 (5th Cir. 2015) (internal citations omitted). The only two mentions of the contract in the complaint are that the Greens "signed a contract on or about March 16, 2015, with Lowe's" for the roof replacement and that Lowe's "was the company who contracted for and oversaw" the allegedly

defective work. Doc. 1, att. 1, pp. 5–6, ¶¶ 2, 9. The complaint does not point to any contractual provision breached by Lowe's alleged defective work, and instead alleges that Lowe's is liable for seven allegedly negligent acts. *Id.* at pp. 6–7, ¶ 9.

Louisiana employs a fact pleading system. Under this system, "[s]o long as the facts constituting the claims or defense are alleged or proved, the party may be granted any relief to which he is entitled under the fact-pleadings and evidence." *Bach v. Bd. of River Port Pilot Comm'rs*, 193 So.3d 355, 363–64 (La. Ct. App. 5th Cir. 2016) (quoting *Greemon v. City of Bossier City*, 65 So.3d 1263, 1268 (La. 2011)). As the Louisiana Supreme Court has emphasized, however, the petition still must "contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." *Greemon*, 65 So.3d at 1268) (emphasis omitted; quoting La. Code Civ. P. art. 891).

In *Greemon*, as Lowe's emphasizes, the court rejected plaintiff's contention in a motion for summary judgment that his claim about a municipality's use of an executive session before a public vote, explicitly pled as a violation of a civil service statute, also stated a claim for violation of a state Open Meetings law. *Id.* at 1265–66, 1268–70. As the court noted, the plaintiff had not alleged anything that was illegal about the closed-door meeting under the Open Meetings law and so his petition could not be construed as supporting such a claim. *Id.* Recently, however, the Louisiana Third Circuit Court of Appeal addressed a more analogous situation: whether a breach of contract claim could be read into plaintiff's redhibition claim against a house seller. *Davidson v. Sanders*, 261 So.3d 889, 893–94 (La. Ct. App. 3d Cir. 2018). The court found a breach of contract claim was supported based on plaintiff's allegations that (1) the parties had entered into a contract for sale of the house, which included a provision that the seller would replace the roof, and (2) the roof replacement was not done properly. *Id.*

Here, despite their failure to assert a specific breach, plaintiffs have still alleged that they and Lowe's were parties to a contract for replacement of plaintiffs' roof and that this work was done in a defective manner, resulting in damages to plaintiffs and their property. To the extent Lowe's is prejudiced from the lack of explicit mention of plaintiffs' cause of action, any surprise on its part must be weighed against the prospect of plaintiffs losing their day in court based on technical defects in the pleading when they have still provided the material facts necessary to support a valid claim. Accordingly, the petition supports a breach of contract claim against Lowe's. While plaintiffs' tort claims must be dismissed as prescribed, their claim for breach of contract preserves a cause of action against Lowe's.

## IV.
### CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment [doc. 58] is **GRANTED IN PART** and **DENIED IN PART**, with all tort claims against Lowe's **DISMISSED WITH PREJUDICE** while the breach of contract claim survives.

**THUS DONE AND SIGNED** in Chambers this 27th day of March, 2019.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE